```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                     SOUTHEASTERN DIVISION
```

| | |
|---|---|
| **KEVIN MURPHY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:06CV180 FRB |
| | ) |
| **DANNY TABER, et al.,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration of this Court's order denying plaintiff leave to proceed in forma pauperis because of 28 U.S.C. § 1915's three-strikes provision. See 28 U.S.C. § 1915(g). After reviewing the motion and the case file, the Court finds that subject matter jurisdiction is lacking. As a result, the Court will vacate the order denying plaintiff's motion for leave to proceed in forma pauperis. Additionally, the Court will remand this case to the state court in which it was originally filed.

Plaintiff, an inmate at Missouri's Southeast Correctional Center (SECC), brought this action in the Circuit Court of Mississippi County, Missouri (33rd Judicial Circuit), under 42 U.S.C. § 1983 against several employees of SECC for alleged violations of his constitutional rights. Plaintiff filed his case on the standard prisoner civil rights complaint form that is supplied by this Court and contains this Court's caption at the top of the first page. According to the state court's records, the

state court determined that the case had been misfiled in state court because of plaintiff's use of this Court's standard form. The state court then sua sponte removed this case to this Court on November 27, 2006.

In his motion for reconsideration, plaintiff states that he purposefully filed this action in the Circuit Court of Mississippi County, and he requests, among other things, that the case be remanded to the state court.

**Discussion**

"State courts as well as federal courts have jurisdiction over § 1983 cases." Howlett v. Rose, 496 U.S. 356, 358 (1990).

Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In order to properly effect a removal of a case to federal court, "[the] defendant . . . shall file in the district court of the United States . . . a notice of removal signed pursuant to [Fed. R. Civ. P. 11] and containing a short and plain statement of the grounds of removal . . ." 28 U.S.C. § 1446(a). "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice

thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

The requirements of 28 U.S.C. § 1446 are "mandatory conditions precedent to the termination of jurisdiction by the State Court and assumption of it by the Federal Court." Baleos v. Life Cas. Ins. Co. Of Tenn., 161 F. Supp. 627, 628 (D.C.S.C. 1956). That is, until the requirements of § 1446 are fulfilled the state court retains jurisdiction over the case, and the federal court does not have subject matter jurisdiction over it.

Because the state court sua sponte removed this case, none of the requirements of § 1446 were fulfilled. As a result, this Court does not have jurisdiction over the subject matter of this case, and the case will be remanded to the Circuit Court of Mississippi County, Missouri (33rd Judicial Circuit). 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration is denied as moot.

**IT IS FURTHER ORDERED** that the Court's order dated December 19, 2006, [Doc. #4] is **VACATED**.

**IT IS FURTHER ORDERED** that this action shall be **REMANDED** to the Circuit Court of Mississippi County, Missouri (33rd Judicial Circuit) pursuant to 28 U.S.C. § 1447(c).

An Order of Remand shall accompany this Memorandum and Order.

Dated this 8th day of January, 2007.

                                          /s/ Catherine D. Perry
                                        **UNITED STATES DISTRICT JUDGE**